LEE, C.J.,
dissenting:
¶ 19. With respect to the majority, I am compelled to dissent. The majority finds that there is nothing in the record to show the trial court made a threshold finding that reasonable grounds existed for questioning Smith’s competency; thus, Uniform Circuit and County Court Rule 9.06 is inapplicable. However, Rule 9.06 states:
If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court....
In Sanders v. State, 9 So.3d 1132, 1136 (¶ 16) (Miss.2009), the Mississippi Supreme Court held that the “plain language” of Rule 9.06 requires a “competency hearing once a trial court orders a psychiatric evaluation to determine competency to stand trial.” This case is somewhat different, as Sanders’s psychiatric evaluation was conducted but no subsequent competency hearing was held. In this case, Smith’s psychiatric evaluation was never conducted.
¶ 20. The Mississippi Supreme Court recently held that “when a motion for a mental examination has been granted, such an examination must occur, and then a separate competency hearing must be conducted before trial begins.” Coleman v. State, 2009-CT-01350-SCT, 2013 WL 3067576, at *5 (¶ 12) (Miss. June 20, 2013). The State recommends this Court reverse for a retrospective competency hearing. However, the court in Coleman stated that the “failure to follow this procedure is not cured by a retrospective competency hearing.” Id. at *7 (¶ 19).
¶21. In Smith’s case, the trial court ordered the evaluation to occur and subsequently signed an order to transport Smith to Whitfield for the psychiatric evaluation. I cannot determine from the record why Smith’s evaluation was never conducted— maybe due to lack of funds on Smith’s part. Whatever the case, it seems fundamentally unfair for a trial court to order an evaluation — and the trial court must have had reasons to order the evaluation and continue Smith’s case until the evaluation was completed — then overlook the fact that no psychiatric evaluation occurred. The role of making medical diagnoses is best suited for medical professionals, not the courts. I would reverse and remand for Smith to undergo his court-ordered mental evaluation and for the resulting competency hearing.
BARNES AND JAMES, JJ., JOIN THIS OPINION IN PART.